Tammy Hussin (Bar No. 155290)
Lemberg & Associates LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff, Amy Stoll

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Amy Stoll,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Mandarich Law Group, LLP; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Amy Stoll, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Amy Stoll fka Amy Benkowski (hereafter "Plaintiff"), is an adult individual residing in Sacramento, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Mandarich Law Group, LLP (hereafter "Mandarich"), is a company with an address of 6301 Owensmouth Avenue, Suite 850, Woodland Hills, California 91367, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

2

6. Does 1-10 (the "Collectors") are individual collectors employed by Mandarich and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Mandarich at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.**   **The Debt**

8. The Plaintiff allegedly incurred two financial obligations (the "Debts") to Bank of America (the "Creditor").

9. The Debts arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt were assigned or transferred to Mandarich for collection, or Mandarich was employed by the Creditor to collect the Debts.

11. The Defendants attempted to collect the Debts and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

3

**B.    Mandarich Engages in Harassment and Abusive Tactics**

12.    In July of 2011, Mandarich filed a lawsuit on behalf of Creditor against Plaintiff for the Debts, and served Plaintiff with the complaints and summonses (the "State Court Actions").

13.    Plaintiff's husband, Desmond Stoll, thereafter contacted Mandarich on behalf of his wife to pay the Debts. Plaintiff and Mandarich entered into an agreement whereby Plaintiff would make six monthly payments to reduce the amount owed until the Debts (the "Agreement"). The Agreement also provided that following the six months of payments, Mandarich would accept a 40% reduction in the total amount owing on the Debts and would waive all fees, interest and charges.

14.    Mandarich advised Plaintiff that she did not need to respond to the State Court Action and that the Agreement would supersede the necessity to respond to the summonses and complaints.

15.    The Agreement required that Plaintiff pay a designated sum each month for a period of six months.

16.    The Agreement provided that at the end of the six month period, Plaintiff could pay a lump sum to Mandarich of 60% of the then remaining principal balance of the Debts, without payment of fees, interest, or costs, provided Plaintiff could pay in a lump sum, and that upon payment of the same, the Debts would be considered to have fully settled.

4

17. As part of the Agreement, Mandarich required that the payments be made by way of automatic withdrawals from Plaintiff's bank account. Plaintiff agreed to the automatic withdrawals.

18. In order to confirm the automatic withdrawals, Mandarich required that a conference call be set up with Plaintiff's bank. Plaintiff agreed to the conference call.

19. Thereafter, Mandarich, Plaintiff and Plaintiff's bank had a conference call, at which time Plaintiff authorized and arranged for automatic withdrawals to be made by Mandarich.

20. Mandarich stated that it would send Plaintiff a document to sign to evidence the Agreement.

21. After entering into the Agreement, Mandarich sent Plaintiff a letter stating that Plaintiff was required to execute a Stipulation for Entry of Judgment (the "Stipulation").

22. Mandarich and Plaintiff did not discuss the Stipulation as part of the Agreement. Plaintiff only agreed to sign a document reflecting the terms of the Agreement.

23. The Stipulation did not properly reflect the terms of the Agreement. The Stipulation did not specify the automatic withdrawals, nor did it express the 40% reduction in the principal after the six months of payments.

24. Plaintiff objected to the contents of the Stipulation insofar as it was not a memorialization of the Agreement.

25. Mandarich did not send the Stipulation to Plaintiff until after such time as a responsive pleading was due in the State Court Actions.

26. Mandarich assured Plaintiff that the terms of the oral Agreement were still valid, and that the Stipulation for Entry of Judgment was a mere formality. Based on the oral representations from Mandarich, and because a responsive pleading was overdue, Plaintiff executed the Stipulation.

27. Thereafter, in accordance with the Agreement, beginning in August of 2011, Mandarich began making automatic withdrawals from Plaintiff's bank account.

28. In November of 2011, Mandarich stopped making the automatic withdrawals from Plaintiff's bank account. Plaintiff was not advised by Mandarich that it had stopped taking the withdrawals. Plaintiff was not monitoring the automatic debits and were unaware that the withdrawals had stopped.

29. On April 20, 2012, Mandarich filed a request for entry of judgment pursuant to the Stipulation for Entry of Judgment in the State Court Actions. Mandarich made no attempt to communicate the delinquency to Plaintiff and Plaintiff received no notice of the request for judgment to the court.

30. Although the Stipulation provided that judgment could be entered without notice to Plaintiff, on April 24, 2012, Mandarich's request for entry of judgment was denied by the court insofar as Mandarich had not provided notice to Plaintiff.

31. In or about May of 2012, after Mandarich was unable to obtain entry of judgment without notice to Plaintiff, Mandarich contacted Plaintiff and informed

Plaintiff that no payments had been made under the Agreement since November of 201. Mandarich advised Plaintiff that the amounts in arrears were immediately due and owing, and interest, fees and charges were also due.

32. Plaintiff objected to the delinquency, and reminded Mandarich that in accordance with the Agreement, Mandarich had agreed to make the automatic withdrawals.

33. Mandarich then informed Plaintiff that the aforementioned Agreement did not exist, and that Plaintiff was bound instead by the terms of the Stipulation. Mandarich also stated that there never was an Agreement for a 40% reduction in the balance.

34. Mandarich used loud and aggressive tone with Plaintiff in an effort to intimidate Plaintiff into making immediate payment of the Debts, yelling at Plaintiff and demanding immediate payment.

C. **Plaintiff Suffered Actual Damages**

35. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

36. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

37.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

38.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

40.     Defendants made false, deceptive and misleading representations as a means to collect the debt, in violation of 15 U.S.C. § 1692e.

41.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

42.     The Defendants used an unfair and unconscionable means to collect the Debt in violation of 15 U.S.C. § 1692f.

43.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

44. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

47. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

48. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

49. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

|  |  |
|---|---|
| DATED: June 25, 2012 | TAMMY HUSSIN |

By: ___/s/   *Tammy Hussin*___
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Amy Stoll